I concur in the judgment of the majority, except that I respectfully dissent from its disposition of one part of the second assignment of error.
Defendant argues there was insufficient evidence to convict him of four of the counts of rape when the victim testified that he committed "three or four" vaginal digital penetrations. As noted by the majority, a panel of this court, in an opinion authored by former Supreme Court Justice Holmes, recently vacated six counts of rape based on similarly indefinite testimony. State v.Langston (Feb. 12, 1998), Cuyahoga App. No. 71578, unreported at pp. 9-12.
This result is also consistent with State v. Hines (Sept. 14, 1989), Cuyahoga App. No. 55693, unreported, in which defendant was convicted of three counts of rape based on testimony about one act of cunnilingus and two penetrations. Neither State v.Harris (June 3, 1982), Cuyahoga App. No. 44154, unreported, norState v. Richardson (May 6, 1982), Cuyahoga App. No. 44081, unreported, support the argument to the contrary. The grand theft conviction in Harris was supported by testimony either that defendant stole a refrigerator valued at more than $150 or that he stole additional items. The identification in Richardson was supported by testimony that the victim recognized defendant but was mistaken as to his name. The case at bar involves none of these considerations.
Despite the obvious ugliness of these crimes, it is not clear how a jury could find a fourth offense was committed beyond a reasonable doubt, when the victim herself had doubt about whether the particular offense was committed more than three times. Accordingly, I concur in the judgment of the majority, except for its disposition of this claim. I would follow Langston and Hines
and vacate the conviction on this particular fourth count of rape.